# UNITED STATES DISTRICT COURT
for the
EASTER District of TENNESSEE

NORTHERN Division



FILED
JUL 28 2021
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| CONNIE LISA MOONEYHAM <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> TONY PARKER, DAVID LANE, LISA HELTON, CHRIS HILL, PAIGE SAYLOR, ALL DBA TENNESSEE DEPARTMENT OF CORRECTIONS <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 3:21-CV-270 <br> *(to be filled in by the Clerk's Office)* <br> Atchley / Guyton <br> Jury Trial: *(check one)* ☐ Yes ☒ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | CONNIE LISA MOONEYHAM |
| Street Address | 7312 TWIN CREEK ROAD |
| City and County | KNOXVILLE |
| State and Zip Code | TENNESSEE 37920 |
| Telephone Number | 865 209-7293 |
| E-mail Address | MOONEYHAMCL@COMCAST.NET |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | PAIGE SAYLOR |
| Job or Title *(if known)* | DISTRICT DIRECTOR TDOC |
| Street Address | 1426 ELM STREET |
| City and County | KNOXVILLE |
| State and Zip Code | TENNESSEE 37921 |
| Telephone Number | 865 582-2008 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | TONY PARKER |
| Job or Title *(if known)* | COMMISSIONER TDOC |
| Street Address | RACHEL JACKSON BUILDING |
| City and County | 320 6TH AVENUE NORTH |
| State and Zip Code | NASHVILLE, TN. 37243 |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | LISA HELTON |
| Job or Title *(if known)* | ASSISTANT COMM. OF COM. SUPERVISION TDOC |
| Street Address | RACHEL JACKSON BUILDING |
| City and County | 320 SIXTH AVENUE NORTH |
| State and Zip Code | NASHVILLE |
| Telephone Number | TN. 37243 |
| E-mail Address *(if known)* | LISA.HELTON@TN.GOV |

Defendant No. 4

| | |
|---|---|
| Name | DAVID LANE |
| Job or Title *(if known)* | CORRECTIONAL ADMINISTRATOR TDOC |
| Street Address | 6112 SHALLOWFORD ROAD. |
| City and County | CHATTANOOGA |
| State and Zip Code | TN. 37421 |
| Telephone Number | |
| E-mail Address *(if known)* | |

UNITED STATES DISTRICT COURT

For the

EASTERN DISTRICT OF TENNESSEE

Northern Division

| | |
|---|---|
| Connie Lisa Mooneyham ) | |
| Plaintiff ) | |
| ) | Civil action No. |
| v. ) | |
| ) | |
| Tony Parker, David Lane, | |
| Lisa Helton, Chris Hill, Paige Saylor, | |
| All DBA Tennessee Department | |
| Of Corrections | |
| Defendants | |

ADDENDUM TO COMPLAINT FOR ADDITIONAL DEFENDANT:

Defendant No. 5
    Name: Christopher Hill
    Job or Title: Program Administrator
    Street address: Rachel Jackson Building 320 6th Avenue
        North
    City and County: Nashville
    State and zip code: TN. 37243

Page 2A of 18

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name | TDOC |
| Street Address | 1426 ELM STREET |
| City and County | KNOXVILLE |
| State and Zip Code | TENNESSEE |
| Telephone Number | 865 209-7293 |

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*: DEMOTION/REASSIGNMENT TO LESS DESIRABLE POSITION WITHIN THE AGENCY

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
6/11/21

C. I believe that defendant(s) *(check one)*:
- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☒ age *(year of birth)* 1958 *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E. The facts of my case are as follows. Attach additional pages if needed.

On 6/11/21, District Director Paige Saylor informed me and my supervisor that "due to past and current complaints," and a call from an attorney and a statement from an offender, stating I said, "you have one foot on the street and one foot in prision," that I was being reassigned from Enhanced probation field officer job, which is a job I dearly love, to a desk job as reassessor. When I asked Saylor to be specific, she was not. When I asked if I could appeal this unfair decision, Saylor said, "No, you cannot appeal. Leadership has approved this reassignment." When I asked who leadership was, Saylor said, "Commissioner Tony Parker, David Lane, Lisa Helton and Chris Hill." Saylor did not inform my supervisor of specific reasons for this reassignment/demotion. I asked Saylor if it was because of my age , as the less desirable position is office only, no field work. Saylor said no. I have filed previous complaints on Saylor in the past, 2019 and 2020, to no avail. Brock made determinations in those cases indicating Saylor was not found to be in violation of the complaints I made. I consider this action retaliatory and age related. I filed a complaint with the EEOC on 6/12/21 and it is attached to this complaint. This has not been resolved yet. Since Saylor, Parker, Helton, Hill and Lane have forced me to be placed on a desk job, my coworkers have had to supervise my high risk offenders and theirs as well, which is a hardship on my coworkers. Since this flagrant attack on me occurred, I felt compelled to file an appeal. I submitted that on 6/25/21 to Carrie Brock, Assistant Director of HR. She indicated she received it. She indicated I needed a disciplinary letter/reasons for reassignment from Saylor, so I emailed Saylor requesting that and copied Ms. Brock. Later that day, Ms. Brock emailed me to say she had spoken to Saylor and Saylor told her my job duties had changed, and I was not disciplined, and that the appeals process is only reserved for preferred service employees that have experienced a suspension, demotion or termination. Brock went on to say, since I was not disciplined is was not appealable. Ms. Brock had already made a determination without even reading my complaint. I emailed her back to ask why she spoke to Saylor about this without reading my complaint or talking to my supervisor since Saylor's comments to me and my supervisor were starkly different than what Saylor told Brock. I advised Brock I would forward to the EEOC. Brock immediately seemed interested after that, told me she could not read the narrative as it was compressed. So, I emailed it in bigger print. Since that time, my complaint went to Keenah Watson, Affirmative action officer,she called once, after that Cathryn Patrick, AA/EEO officer, she emailed a few times, and then passed it on to Andrea Smith, EEO investigator, she's emailed me a few times, but finally, I emailed Ms. Smith to advise after consulting with an attorney,on the phone, I decided to give the defendant's the opportunity to resolve this issue by giving me my job back to avoid having to file a lawsuit. I emailed Ms. Smith on 7/23/21 advising her that I would be filing a Federal Lawsuit if my job is not returned to me by 5pm est on 7/26/21. Ms. Smith responded, but I also had included that she was the fourth person assigned to my case and still no witnesses have been interviewed. So, I have been forced to file this lawsuit to attempt to find some relief in this matter. Saylor has targeted me primarily due to being the oldest Enhanced officer. She has repeatedly expressed her dislike for me and my coworkers. Saylor has attempted to disband the Enhanced unit and has tried to force me and my coworkers to not follow orders of the Court. Saylor even told me in 2019, that "the Judge does not sign your paycheck." Enhanced supervision is a supervision standard in the TDOC system.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.     It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

6/12/21

B.  The Equal Employment Opportunity Commission *(check one)*:

☒ has not issued a Notice of Right to Sue letter.

☐ issued a Notice of Right to Sue letter, which I received on *(date)* _____.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☒ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I SHOULD BE REINSTATED TO MY ORIGINAL POSITION OF ENHANCED FIELD PROBATION OFFICER, III. I SHOULD RECEIVE APOLOGY LETTERS FROM ALL DEFENDANTS IN THIS MATTER, AND I WOULD REQUEST COSTS BE TAXED TO DEFENDANTS FOR ANY COSTS I HAVE INCURRED IN BEING FORCED TO FILE THIS COMPLAINT. I WOULD FURTHER ASK THAT ANY MONIES COME DIRECTLY FROM THE DEFENDANTS, NOT THE TAXPAYERS OF THE STATE OF TENNESSEE.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7-28-21

Signature of Plaintiff _Connie Lisa Moyhn_
Printed Name of Plaintiff _Connie Lisa Mooneyhar_

**B.**  **For Attorneys**

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____



# Department of Human Resources

## Step I Appeal Form

Personal email address: MOONEYHAMCL@COMCAST.NET

Edison ID number: 00136507

Job title: PROBATION PAROLE OFFICER III NOW REASSIGNED AS REASSESSMENTS PERSON

Immediate supervisor's: ERIN MONROE

Employee's assigned office: KNOXVILLE P47R

What specific law, rule, or policy was allegedly violated by agency? TCA SUBSECTION 8-30-318

Which of the following disciplinary actions was issued? (check one)

☐ Dismissal: ☑ Demotion: ☐ Suspension; *If suspension, number of days:*

Date of alleged violation (application of specific law, rule, or policy): 6/11/21 (NOTHING IN WRITING WAS SUPPLIED TO ME BY SAYLOR)

Brief description of alleged violation by agency (How was the specific law, rule, or policy wrongly applied?):

ON 6/11/21 I WAS IN THE OFFICE OF THE DISTRICT DIRECTOR PAIGE SAYLOR AS INSTRUCTED BY MY SUPERVISOR ERIN MONROE. MY SUPERVISOR WAS PRESENT AT THIS MEETING. I WAS TOLD AT THAT TIME I HAD BEEN REASSIGNED TO DO REASSESSMENTS FROM MY POSITION OF PROBATION PAROLE OFFICER III, ENHANCED PROBATION. WHEN I QUESTIONED WHY I WAS BEING REASSIGNED, SAYLOR, SAID "DUE TO PAST AND CURRENT COMPLAINTS AGAINST ME, AND AN ATTORNEY CALLED AND AN OFFENDER SAID I SAID YOU HAVE ONE FOOT ON THE STREET AND ONE FOOT IN PRISON." I DID NOT SAY SUCH A THING AND I WILL TELL THE TRUTH ALWAYS IF I HAVE SAID SOMETHING. THIS, I DID NOT SAY. I TOLD HER I HAD THE RIGHT KNOW WHAT THESE COMPLAINTS WERE, BUT SHE COULD NOT RESPOND. I ASKED HER WHY SHE DID NOT GO THROUGH CHAIN OF COMMAND AND NOTIFY MY SUPERVISOR OF PROBLEMS, AGAIN NO CLEAR ANSWER. I ASKED IF I COULD APPEAL THIS DECISION AND SAYLOR SAID, "NO, LEADERSHIP HAS APPROVED THIS REASSIGNMENT/DEMOTION. I ASKED WHO LEADERSHIP WAS, SAYLOR SAID, "COMMISSIONER TONY PARKER, LISA HELTON, CHRIS HILL AND DAVID LANE. I HAVE WORKED FOR THIS DEPARTMENT FAITHFULLY FOR 21 YEARS. I HAVE COMPLETED MY ASSIGNMENTS IN A TIMELY FASHION, SUPERVISE HIGH RISK OFFENDERS AND GPS MONITORING, HOME VISITS, COURT REVOCATION HEARINGS, ENHANCED INTERVIEWS, REPORTING, DRUG SCREENS, ALL TRAINING REQUIREMENTS, INCLUDING QUALIFICATION OF THE WEAPON. I HAVE EXEMPLARY PERFORMANCE EVALUTIONS AND I PERFORM MY WORK. I HAVE BEEN HARASSED, REALIATED AND DISCRIMINATED AGAINST BY THIS DEPARTMENT FOR A NUMBER OF YEARS NOW. IT IS EVIDENT TO ME, THE DEPARTMENT IS TRYING TO FORCE ME TO RETIRE. I AM VERY VOCAL IN THE OFFICE WHEN I SEE INAPPROPRIATE ACTIONS IN THE OFFICE. CURRENTLY, THERE ARE TWO EMPLOYEES CURRENTLY AT THE KNOXVILLE OFFICE, WHO ARE IN THEIR SAME POSITIONS, GETTING PAID BY THE TAXPAYERS, BUT NOT DOING THEIR JOBS. THEIR CASELOADS HAVE BEEN PLACED ON OTHER OFFICERS, ENHANCED AND REGULAR, TO GET THE "SPREADSHEETS" DONE. THIS IS A GREAT HARDSHIP ON THESE OFFICERS, BUT IT DOES NOT SEEM TO AFFECT MANAGEMENT. ONE EMPLOYEE HAS CLEARLY LIED ON THE TOMIS SYSTEM AND AFTER I DISCOVERED THIS THROUGH ANOTHER MANAGER, I ACTUALLY REPORTED THIS TO SAYLOR. AS A RESULT OF THIS FALSE INFORMATION INPUT BY THIS OFFICER, I WAS COVERING AS COURT LIASION IN KNOX DIVISION I AND ALWAY EMAIL THE COURT, DA'S AND ATTORNEY ABOUT CURRENT STAUS OF CASES ON THE DOCKET. I HAD SENT FALSE INFORMATION BASED UPON THIS OFFICER'S FALSE INPUT OF INFORMATION TO THE COURT, DA'S AND ATTORNEYS. WHEN I DISCOVERED HE HAD PUT IN FALSE INFORMATION, I CONTACTED THE COURT, DA'S AND ATTORNEYS TO ADVISE OF THIS ISSUE. I HAVE FILED TWO COMPLAINTS ON SAYLOR ON 4/23/20 AND 8/26/19 WITH HUMAN RESOURCES A FULL INVESTIGATION WAS NOT DONE, AS WITNESSES I HAD PRESENTED WERE NOT INTERVIEWED. THESE COMPLAINTS WERE WORKPLACE HARASSMENT, ABUSIVE CONDUCT AND HOSTILE WORK ENVIRONMENT. HUMAN RESOURCES DID NOT FIND IN MY FAVOR. THIS AGENCY, SAYLOR IN PARTICULAR, PARKER, HELTON, HILL AND LANE CONTINUE TO ALLOW THIS ABUSE WITHIN THE WORKPLACE. OTHER OFFICERS ARE CONCERNED WITH RETALIATION, BUT DUE TO THIS ONGOING RELATIATION, THEY WILL BE WILLING TO TESTIFY TO THE AGENCY'S CONTINUED THREATS AGAINST EMPLOYEES IF THEY VOICE THEIR OPINIONS IN THE WORK PLACE. TDOC WAS WARNED BY THE ACLU IN 2015 ABOUT THREATENING EMPLOYEES IF THEY VOICED THEIR OPINIONS IN THE WORK PLACE. OTHER OFFICERS HAVE FILED COMPLAINTS AS WELL, TO NO AVAIL. I HAVE BEEN CONTINUALLY HARASSED BY SAYLOR WHEN THIS OFFICER FOLLOW SORDERS OF THE COURT, (WITH REGARD TO REPORTS THIS OFFICER SUBMITS WHICH ARE ORDERED BY THE COURT, IN WHICH I WAS TOLD BY SAYLOR AT ONE TIME, "THE COURT DOES NOT SIGN YOUR PAYCHECK!" HOWEVER, THIS DID NOT SEEM TO HAVE AN EFFECT ON TDOC, AS IT CONTINUES. I'M ONE OF THE FEW OLDER OFFICERS HERE IN THE KNOXVILLE OFFICE AND DUE TO MY CONTINUED OUTCRIES FOR JUSTICE, TDOC IS TRYING TO MAKE THINGS SO DIFFICULT AS TO MAKE ME RETIRE AND

Corrective action sought by employee: RETURN ME TO MY RIGHTFUL POSITION AS ENHANCED PROBATION OFFICER III AND AN APOLOGY LETTER

Reinstatement of job: ☑

Reinstatement of leave: ☐

Back pay: ☐

Reduction of suspension: ☐

Other (please specify):

I AM FILING THIS APPEAL NOW, AS I WAS TOLD I COULDN'T, AFTER FURTHER INVESTIGATION, THE POLICY/LAW ALLOWS THAT I CAN. IT MAY NOT BE WITHIN 14 DAYS, BUT I WAS TOLD BY THE DISTRICT DIRECTOR THAT I COULDN'T FILE AN APPEAL, IN VIOLATION OF TCA 8-30-318.

Employee's signature:

Date: 6/25/21

If signing on behalf of an employee as a valid representative (i.e., attorney, TSEA, etc.), please indicate so on the signature line.



# Department of Human Resources

## Step I Appeal Form

Agency Name: TENNESSEE DEPARTMENT OF CORRECTIONS

Agency Address: 1426 ELM STREET, KNOXVILLE, TENNESSEE 37921

Agency Contact/Designee: JILL.KEISER@TN.GOV

Phone: 865 582-2000

Agency Email for Appeals: DOHR@TN.GOV

To file a complaint and commence Step I of the appeals process, an employee must submit a fully completed Step I appeal form, or otherwise notify the agency, and provide any relevant documentation to the agency's appointing authority or designee. The submission may be made either electronically, by hand delivery, or by U.S. mail (preferably certified). Submission of this information must be made no later than fourteen (14) calendar days, excluding holidays, after the employee receives notice of dismissal, demotion, or suspension. If an employee submits a Step I appeal via U.S. mail, the appeal is deemed timely as long as it is postmarked within the fourteen (14) calendar day timeframe. **It is the responsibility of the employee to ensure the Step I appeal form and all documentation has been received by the agency.** Confirmation of receipt can be made by contacting the agency at (insert email in the following space): _____ or by dialing (insert dedicated phone number in the following space): _____.

Are you / were you a preferred service employee? ☑ Yes ☐ No

Have you completed your initial probationary period? ☐ Yes ☑ No

When completing this section, it is very important to include reliable contact information so that the agency can contact you throughout the appeals process.

What is your preferred method of communication/correspondence for Step I appeal purposes? *Please note that communication/correspondence will also be sent electronically if an e-mail address is provided, even if not selected as the preferred communication method. For purposes of receipt, notice shall be deemed received as by the email date.*

☑ Email ☐ Mail

***Please note that should your contact information change during the appeal process, it is your responsibility to notify appropriate parties and update your contact information.***

Complainant's name: CONNIE LISA MOONEYHAM

Mailing address: 1426 ELM STREET, KNOXVILLE, TN. 37920

Preferred phone number: 865 209-7293

# EEOC (INQUIRY) NUMBER: 494-2021-01955

## Inquiry Information

### REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 06/11/2021

**Reason for Complaint:** Age - I am 40 years of age or older

**Pay Disparity:**

**Location of Incident:** Tennessee

**Submission (initial inquiry) Date:** 06/12/2021

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:** N/A

**Charge Number:** N/A

**Claim previously filed as complaint with another Agency?** No

**Agency Name:** N/A

**Approximate Date of Filing:** N/A

**Nature of Complaint:** N/A

### INQUIRY OFFICE

**Receiving:** Nashville Area Office

**Accountable:** Nashville Area Office

### APPOINTMENT

**Appointment Date and Time:** 09/10/2021 10:00 AM US/Central

**Interview Type:** Phone

### APPROXIMATE DEADLINE FOR FILING A CHARGE: 04/08/2022

### POTENTIAL CHARGING PARTY

**First Name, Middle Initial:** Connie, L.

**Last Name:** Mooneyham

**Street or Mailing Address:** 7312 twin creek road

**Address Line 2:**

City, State, Zip: KNOXVILLE, TN, 37920

Country:

Year of Birth: 1958

Email Address: mooneyhamd@comcast.net

Home Phone Number: 865-609-9992

Cell Phone Number: 865-209-7293

## RESPONDENT/Employer

Organization Name: TENNESSEE DEPARTMENT OF CORRECTONS

Type of Employer: State or Local Government that I applied to, work for, or worked for

Number of Employees:

Street or Mailing Address: 1416 ELM ST

Address Line 2:

City, State, Zip Code: KNOXVILLE,TN, 37921

County: Knox

Phone Number: (865) 582-2000

## RESPONDENT CONTACT

First and Last Name:

Email Address: CORRECTION@TN.GOV

Phone Number:

Title: Human Resources Director or Owner

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

Street or Mailing Address:

Address Line 2:

City, State, Zip Code:

County:

## POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

Gender: F

**Disabled:** I do not have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** White,

**National Origin:** American(U.S.)

## Adverse Action(s)

ON 6/11/21 I WAS REASSIGNED FROM CURRENT POSITION TO A LESS DESIRABLE POSITION IN TDOC. THIS WAS DONE BY DISTRICT DIRECTOR PAIGE SAYLOR, ACCORDING TO HER, APPROVAL FROM LEADERSHIP, TONY PARKER, LISA HELTON, CHRIS HILL AND DAVID LANE. SHE TOLD ME I COULD NOT APPEAL THIS DECISION WITHIN TDOC. SHE DID NOT INFORM MY SUPERVISOR OF SPECIFIC REASONS FOR THIS REASSIGNMENT. SAYLOR TOLD ME DUE TO PREVIOUS COMPLIANTS, BUT WOULD NOT BE SPECIFIC AS TO WHAT THEY WERE. I ASKED IF IT WAS BECAUSE OF MY AGE, AS THE LESS DESIRABLE POSITION IS OFFICE ONLY, NO FIELD WORK. SAYLOR SAID NO. I HAVE FILED PREVIOUS COMPLAINTS ON SAYLOR IN THE PAST. I CONSIDER THIS ACTION RETALIATORY AND AGE RELATED.

# Supplemental Information

## What Reason(s) were you given for the action taken against you?

Reasons given were complaints over the years and current ones. Admittedly, past complaints, I estimate 3, 2 of which were years ago, are sustainable, but other least restrictive measures could be taken other than reassignment to a less desirable position/demotion. district director saylor would not be specific about any recent complaints. I asked her to give these to me and she said she didn't know. She only would say an offender complained that I told the offender, "you have on foot on the street and one foot in prison." She also said an attorney called, but would not elaborate. I have never said such a thing in my life, and as I age, i often say the same thing, nothing new. She also told me I could not appeal the decision within the TDOC Department to reassign me as leadership had approved this reassignment. Leadership being Commissioner tony parker, lisa helton, chris hill and david lane.

## Was anyone in a similar situation treated the same, better, or worse than you?

currently there is an employee that has actually lied on an agency computer system and i reported this to district director saylor and she said she could not respond to

that. he is actually still in his same position and other employees are working his caseload. his name is harry glenn. so he is being treated better than me. There is also another officer who does not do his job, Bryson Greene. This officer would be at home, while other officers would conduct reporting and drug screens for him on offenders at the office. I also told Saylor this. This officer, right now, is reportedly on medical leave, but was not on medical leave when the above instances occurred. Yet, he still holds his position at the office.

**Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.**

natasha.davis@tn.gov, thomas.cox@tn.gov, tim.gokonous@tn.gov. These are my coworkers on Enhanced (high risk) probation and they have filed complaints on district director saylor as well. My supervisor is Erin.Monroe@tn.gov. Also, they may be in fear of retaliation from saylor if they speak with you.

Brandon.Glossup@tn.gov is a manager, among other managers, who heard Saylor express her dislike for the Enhanced team during a supervisor meeting on or about March 2, 2020.

**Please tell us any other information about your experience?**

My job is very important to me and I have exemplary performance evaluations currently and in the past. I am filing this complaint as Saylor has reassigned/demoted me to a less desirable job and I feel she is trying to force me to retire. The job I was hired for was Field officer, PPO III Enhanced probation. Saylor has placed me in a desk job. I am very vocal in anything I see as inappropriate at the office and I seem to be disciplined for it. Previous complaints filed by me and my co-workers did not seem to be investigated fully, as witnesses I offered in previous complaints were never interviewed. I filed a complaint on Saylor on 4/23/20 for work place harassment, hostile work environment and abusive conduct toward me and my Enhanced coworkers. No finding found by HR Department. I filed another complaint on Saylor on 8/26/19 on Saylor for workplace harassment and hostile work environment. No finding found by HR Department. My complaints can be forwarded to you. For these reasons, I feel Saylor is retaliating against me for these past claims I filed against her.

Saylor cited past and current complaints on me, which most of the time, were not investigated further either. TDOC has been reprimanded by the ACLU for threatening employees who voice their opinions on the job, back in 2015. It has been my experience if you defend yourself or voice your opinion, TDOC tries to silence you and "keep you in line." My job is a contentious one, in that I supervise serious felons and have to file violations if they violate rules or orders of the Court.

At times, defense attys disagree with me, as well as offenders. But all I have ever asked is that these complaints be FULLY investigated.

UPDATE: I decided to file an appeal and emailed this to carrie brock, assistant director HR on 6/25/21. she advised I would need a disciplinary letter from saylor for my complaint. I emailed saylor, copying brock, requesting that letter. brock apparently could not ready my complaint as the text was too small, but before i could resend to her in larger type, she consulted with saylor, and brock, making a determination before even reading my complaint, emailed me to say that saylor said I was not disciplined, so my matter was not appealable. I emailed her back saying I would forward this to the EEOC, since Saylor's statement to me and my supervisor on 6/11/21 was starkly different than what Saylor told Brock, and pointing out that Brock made a determination BEFORE even reading my complaint. I have now been referred to 4 different people regarding my complaint.

Date: 4/23/20

WORK PLACE HARASSMENT, HOSTILE WORK ENVIRONMENT and ABUSIVE CONDUCT IN THE WORKPLACE COMPLAINT AGAINST DISTRICT DIRECTOR PAIGE SAYLOR BY ENHANCED OFFICERS:

LISA MOONEYHAM
NATASHA DAVIS
JACQUELINE WRIGHT
THOMAS COX
TIM GOKONOUS

On or about March 2, 2020, Paige Saylor, District Director for TDOC made seriously disparaging and demeaning remarks about Enhanced officers in a manager's meeting. This behavior is inappropriate for a District Director and is offensive to us, as Enhanced officers, and belies a serious lack of judgment and leadership. Enhanced officers are on call 24 hours a day 7 days a week to offenders, staff, law enforcement, DA's office and the Court. Enhanced officers consistently complete spreadsheets regarding supervision, by the end of each month, have scored very well on audits and strong R interview guides, have exemplary work habits, provide assistance to Regular officers on a continuous basis, by assisting in Court and home checks, searches with law enforcement, etc. There was no valid reason for Ms. Saylor to make such comments about these officers, except for "not liking" these officers. Apparently, this is her personal opinion, when it should be based on a professional opinion. The majority of Enhanced officers are veteran officers and Ms. Saylor has consistently harassed, belittled and made a point to disrupt the Enhanced team at every turn.

This officer asked Ms. Saylor "why she hated us?" on March 10th, 2020. She said she did not, but her words and actions show otherwise. Ms Saylor decided, and she indicated to our team that her Supervisor David Lane directed her to separate the Enhanced team by placing two officers, Thomas Cox and Tim Gokonous under the leadership of Brandon Glossup. Jacqueline Wright and Brian were moved to AJ Kale. Lisa Mooneyham and Natasha Davis remained under the supervision of Erin Monroe, who has been the Enhanced Manager for several years now. Manager Monroe works closely with us, as an Enhanced team, the Courts, DA's office and Law Enforcement in Knox County-Knoxville Police Department, Knox County Sheriff's Department, US Marshal Service, ATF, FBI, Secret Service and TBI. These agencies have worked closely with the Enhanced Team for many years now, over 18 years. Also during this meeting, an Enhanced officer reported inappropriate behavior, obscene gestures and speech from a regular officer toward his manager. Ms. Saylor did not respond to this at all, manager Brandon Glossup, indicated, "there's nothing we can do!" This is very puzzling to this officer that such behavior as that is tolerated in the workplace, but yet, we as Enhanced, seem to be consistently harassed when we actually take pride in our work!

Saylor also attempts intimidation when Enhanced officers attempt to express their opinion. The ACLU (American Civil Liberties Union) sent a letter in 2015 to then TDOC Commissioner Schofield warning him not to threaten or intimidate any TDOC employee when expressing their opinion in the TDOC workplace. The ACLU indicated in that letter they would be watching TDOC. A copy of that letter is available if needed. I'm sure that letter is on file in the central office, or it should be.

Lisa Mooneyham, PPO III-Enhanced probation officer

# WORKPLACE HARASSMENT AND HOSTILE WORK ENVIRONMENT CLAIM, DATE 8/26/19:

District Director Page Saylor instructed me to come to her office on 8/26/19. My supervisor, Erin Monroe, was not at the office this day. Ms. Saylor told me she had two complaints against me this week, <u>First complaint:</u> from an attorney on the case State vs. Chris Widner, which is Julie Kuykendall. Mr. Widner had been referred to Enhanced probation after state regular probation had filed a violation of probation against him. Ms. Saylor SAID THAT THE ADA AND DEFENSE ATTY HAD AGREED TO PLACE MR. WIDNER ON ENHANCED. TOLD HER THE ADA WAS TAKISHA FITZGERALD AND DONT' THINK THAT IS TRUE. Ms. Saylor questioned why I had turned Mr. Widner down for Enhanced probation and I advised because I had supervised Mr. Widner for about two years on Enhanced probation, rolled him down to regular and he had gotten charged with a new crime. Ms. Saylor indicated that the charge had been dismissed and she questioned me about how long he had been incarcerated. I informed her that if the vop filed by State regular was only based upon the new charge, then why did the defense atty not move for vop to be dismissed and Mr. Widner be reinstated to State Regular? This officer also asked for her to call ADA Fitzgerald for more answers. Ms. Saylor had no answer for that, apparently no investigation into the allegations was done. I am curious why Ms. Saylor does not confront DRC when they turn an offender down for DRC or other Enhanced officers when they turn down individuals for Enhanced probation?

Ms. Saylor does not give me time to look up these cases that she confronts me with, so I could better give her the answers she needs, as we have several court ordered Enhanced referrals each week. I told Ms. Saylor that the Judge decided to leave him in custody and refer him to DRC. The ADA in this case is Takisha Fitzgerald. I informed Ms. Saylor that the Court makes the final decisions as to whether someone is placed on probation or not, not me. The ADA and Defense atty make their case to the Judge and he rules whether or not the individual remains in custody, until revocation date. I also advised Ms. Saylor that I had been doing Enhanced reports that were vague, as she instructed, but Judge McGee's assistant, Beth White, asked me to be more specific in my reports and Ms. White also asked about PO Davis' reports as to why they were vague. I informed Ms. White that the District Director instructed Enhanced probation not to make recommendations on cases we interview. Ms. Saylor told me "The Judge does not sign your paycheck."

<u>Second complaint:</u> Ms. Saylor questioned me again on State vs. Anthony Young, when I did not conduct the interview on Mr. Young for Enhanced probation. I am still unsure why I was being questioned on this case, since I did not conduct the interview. He was set again on 8/23/19 and this case was reset due to his atty, Kim Parton, not being able to be in Court. Enhanced officer Natasha Davis interviewed Mr. Young for Enhanced probation and recommended substance abuse assessment and halfway house. Samantha Monday, who works for Knox County and conducts substance abuse assessments if referred by the Court, along with referral orders for ITP, EXODUS/FOCUS. Ms. Monday recommended in her assessment, IOP and had asked me about IOP previously, and Ms. Monday told me PO Davis was ok with IOP. I told Ms. Monday I would have to ask Officer Davis about that, as I stand by an Enhanced officer's report. I asked Officer Davis if she had agreed to IOP and she did not remember any conversation with Ms. Monday about this. So, the report stayed as is, with recommendation of assessment/inpatient and halfway house

Ms. Saylor also verbally warned this officer that Enhanced probation cannot make recommendations regarding a &d issues or mental health, per legal in Nashville. I reminded her

Page 1 of 3

that when I interview an offender, they usually share their specific issues with this officer and will advise what they think they need. This officer also uses a referral to Helen Ross McNabb, Mary O'Neill, Criminal Justice Liasion, who has an office in Knox Detention and Jail and interviews inmates for mental health and substance abuse issues and also assists with funding for inmates for halfway houses or treatment, since I cannot get housing assistance from TDOC for these inmates. Ms. O'Neill also assesses the need for mental health medication and assists in the inmate getting treatment in custody, assists in getting 30 days worth of medications upon release and assists in helping inmates set appts. in the community for mental health, so they are stabilized prior to release back into the community as a matter of public safety

## District Director called this officer into her office with officer supervisor Erin Monroe on 8/6/19.

Ms. Saylor questioned this officer about State vs. Anthony Young, who as referred to Enhanced probation in Knox Criminal Court Division 2. The interview was conducted by PO Natasha Davis and this officer explained the recommendations to Ms. Saylor. She indicated that Samantha Monday had made this complaint, not the atty for Mr. Young, who is Kim Parton. Ms. Monday recommended intensive outpatient and this officer advised Officer Davis' recommendation of substance abuse assessment and halfway house and Mr. Young violated on DRC with positive screens and DRC did not want to take him back on supervision. Ms. Monday does not supervise state probationers, she works for Knox County and submits reports for the Court's consideration. If Ms. Monday has an issue with Judge McGee not considering her report, Judge McGee will allow her to put her concerns on the record in Court.

Ms. Saylor questioned this officer about forcing individuals to do faith based programs, which is not true, as we have several options we use for Enhanced placement.

Ms. Saylor questioned this officer about trying to make a muslim individual go into a faith based program, which I had not dealt with anyone who is Muslim to my knowledge or that of PO Davis. I asked Ms. Saylor to produce a name so I could investigate this and she could not produce a name.

Ms. Saylor asked me about allowing offenders to do vivitrol shots, I said no I had not, but was starting to think about allowing it in some cases, if Judge approved. It was discussed about offenders' need for treatment due to narcotics use and Ms. Saylor injected her mother's situation about narcotic pain medication into this discussion, do not know why.

Ms. Saylor indicated an ADA, Christy Smith in Div. 3, had complained about me asking for a revocation hearing when offender submitted. This was a case I had to take over for PO Jacob White due to his medical leave, Andrew Charles. He had attempted to falsify a drug screen, second time on state supervision, absconded and was arrested on new charges. This was a result of me having a casual conversation with ADA Fitzgerald indicating that offenders submit to avoid the Judge hearing the details in open court of all their violations. ADA Fitzgerald said she would email ADA Smith in Div. 3 to advise a hearing could be held. Suffice to say, ADA Smith probably did not like that I was talking with ADA Fitzgerald about this, as we do at times, have hearings even after defendant has submitted in Div. 2.

Ms. Saylor asked me if I called a probationer an idiot in Court. I did so, while in open court, as I had to take the case of State vs. Casey Helfenberger over due to former Enhanced officer Jacob White was on medical leave. Mr. Helfenberger had served 15 to 20 consecutive weekends in custody due to Marijuana use per Judge Green in Knox Div. 3. After he finished all those weekends in Jail, his vop was dismissed in the beginning of May 2019. When I had to ask for drug screen when I had to start supervising him, he was positive for Marijuana. ADA Debbie Malone wanted a VOP warrant. One was filed, Mr. Helfenberger turned himself into custody.

Page 2 of 3

In Court, Judge Green asked why Mr. Helfenberger would do such a thing and no one answered, so I said "because he is an idiot!" Judge Green did not admonish me in Court. Mr. Helfenberger was ror'd back to Enhanced that day with revocation open. When Mr. Helfenberger was released and reported, I told him I was sorry, but could not understand what he was thinking. Since then, Mr. Helfenberger finished truck driving school, obtained his CDL and is working for Whaley Construction and doing well. I asked Ms. Saylor if she needed to suspend me for this incident, as this is the only complaint I am guilty of. She said no.

Ms. Saylor also questioned me about emailing defense attys and not da's, which is untrue. I routinely email da's, defense attys and the Court with regard to cases set on the docket the day before. I started this after I had to act as court liasion for about two years.

In closing, I am uncertain why Ms. Saylor continues to harass me over cases that I do not interview or baseless claims. For me, this is becoming a hostile work environment. I have informed her that she needs to talk with ADA's in these current cases and as yet, she has not done so. <u>I would appreciate it if she would investigate these claims instead of taking the word of less than honest individuals, or individuals who have an agenda. I understand she needs to follow up with complaints, but I will say if I have done something wrong! I will not lie! I come to work, put in my notes, go to court locally and out of county, have reporting, do home visits for Enhanced and Regular and DRC probation, monitor gps, interviews at the detention/jail. I have been dependable every day for the 17years I have been employed here, I will admit I'm a little rough around the edges, but I have no problem with anyone talking to any offenders I am supervising or have supervised in the past. I am 60 years old and I am getting the impression she is trying to force me to retire, as this is clear to me she intends to harass me over mostly untrue claims, and instead of investigating them, just accepts the allegations, which is unfair.</u>

Ms. Saylor also needs to talk with Judge McGee if she has issues about his rulings, or the way he runs his Court, as I don't make decisions about ordering people on supervision, or remaining in custody or referring to other agencies. Knox County Criminal Courts have <u>ordered</u> referrals to Enhanced, CAPP since <u>before</u> I was hired in my position 17 years ago. The reports are not meant to please the ADA or Defense, it is to provide information to the Court to assist the Court in sentencing, just as the presentence report does as well. I don't have the authority to sentence an offender. The Judge makes those decisions, as he is elected to his position to do so.

Respectfully submitted,


Connie Lisa Mooneyham


Page 3 of 3