

FILED

JAN 1 2 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

Connie Lisa Mooneyham )
    Plaintiff )
  )
v. )
  )
Tony Parker, et al )
    Defendants )

Civil Action No. 3:21-cv-00270

Judge Atchley

Magistrate Judge McCook

John Dalton and E. Ashley Carter
Attorneys for Defendant(s)
Office of Tennessee Attorney General
315 Deaderick Street, Floor 19, Nashville, Tennessee 37238-7085

## PLAINTIFF'S MEMORANDUM  IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND/OR MOTION TO DISMISS
## HISTORY

Defendants, Tony Parker, Paige Saylor, Lisa Helton, David Lane and Christopher Hill forcibly and abruptly reassigned  Plaintiff from Enhanced Field probation officer to Assessor desk job on 6/11/21. Defendant Saylor indicated all the defendants approved this forced/unfair reassignment.  Reasoning from defendants were for complaints filed on Plaintiff, which were vague at best. Plaintiff was told by defendant Saylor that Plaintiff could not file an appeal and that all defendants approved this reassignment.  Plaintiff asked Saylor if this was due to plaintiffs age, as plaintiff was 62 years old at this time,  and Saylor denied this. However, plaintiff had expressed this concern to investigator in 2019.  Plaintiff attempted to file complaint within the agency, but bias was clear due to defendants being executive level TDOC employees, in plaintiffs' opinion.  Previous complaint filed by Plaintiff on defendant Saylor on August 26, 2019 included plaintiff's statement that Saylor was trying to force Plaintiff, through workplace harassment and hostile work environment, to retire, which is discriminatory, as she had done with previous employee Pam Silano.  Plaintiff's

2

complaint was ruled unfounded by Carrie Brock, the same TDOC employee that made a determination against Plaintiff in favor of Saylor on 6/25/21 without reading the complaint.

After this, plaintiff's complaint went through three other individuals for alleged investigation. Ultimately, not finding for the plaintiff. Ms. Brock did appear interested AFTER plaintiff advised her that plaintiff would advise EEOC of her actions. Ultimately, not finding for plaintiff. Plaintiff states this action against Plaintiff by defendants was clearly an adverse, direct discriminatory, retaliatory employment action, due to other TDOC employees, defendant Paige Saylor and Harry Glenn, being treated differently and more favorably, after complaints made against them, and plaintiff treated less favorably than these TDOC employees.

Plaintiff filed complaint with the Equal Employment Opportunity Commission on 6/12/21. Ultimately, the EEOC sent plaintiff Notice of suit rights and dismissal. As explained below, plaintiff asks this Honorable Court to allow plaintiff to present this case to a Jury, and dismiss defendant's motion for summary judgment.

## STATEMENT OF MATERIAL FACTS IN DISPUTE

**RESPONSE to defendant's Narrative summary of relevant history is disputed**: On June 11, 2021, plaintiff was not GIVEN a reassignment of duties/position, but FORCIBLY and UNFAIRLY placed in the lesser position, due to direct discriminatory and retaliatory actions by defendants.

**RESPONSE to defendant's legal standards: The defendants cite Walton v. Ford Motor Co. 424 F.3d 481, 485 (6th Cir 2005).** Plaintiff would state that Plaintiff can provide genuine issues of disputed material fact and entitlement of judgment, through deposition testimony

3

and Plaintiff would state there is **more** in this case than "<u>some</u> alleged factual dispute between the parties," in that defendants have stated that Plaintiff was not disciplined, but yet Plaintiff was abruptly, forcibly and unfairly reassigned from Enhanced Field officer to desk assessor, as was stated by defendant Saylor to Plaintiff and Plaintiffs Manager, Erin Monroe on 6/11/21 due to alleged complaints against Plaintiff. Plaintiff subsequently discovered the alleged complaints were allegedly made by offenders at the DRC program.

Plaintiff only found this out through discovery material. Plaintiff was 62 years old when this action was taken against Plaintiff by defendants. Plaintiff was acting in a protected age group, and Plaintiff will show that two other TDOC employees, Harry Glenn, age 56 years had complaints filed against him and he was not forcibly reassigned from Field probation officer and defendant herself, Paige Saylor, 46 years old, who had complaints filed against her and she was never forcibly reassigned from her District Director position and is still in a supervisory position currently with TDOC. Plaintiff will further show through deposition testimony that the managers for both Harry Glenn, who is Brandon Glossup and Paige Saylor, who is David Lane, were both advised of complaints at all stages of complaints against the named two employees and was involved in all actions taken thereafter. While, plaintiff's manager, Erin Monroe, was not involved or informed of the alleged complaints against Plaintiff or the decision made by defendants against plaintiff and was only advised about it on 6/11/21 when Plaintiff was forcibly reassigned. Chain of command was completely followed for employees Harry Glenn and Paige Saylor, but not for Plaintiff, who is older than both of these employees and who has been employed at TDOC longer than these two employees. Chain of Command was not followed in Plaintiff's case. Plaintiff cites this action to be direct age discrimination and retaliation on its face.

4

**Defendants cite Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)** "only disputed material facts, those "that might affect the outcome of the suit under governing law, will preclude summary judgment." Plaintiff will state in that **same case, [477 U.S. 242, 243]** says "At the summary judgment stage, the trial Judge's function is not himself to weigh the evidence, and determine the truth of the matter, but to determine whether there is a genuine issue for trial." Plaintiff will show a genuine issue for Plaintiffs' case through deposition testimony to proceed to trial.

**Defendants cite Daugherty v. Sajar Plastics, Inc. 544 F.3d 696, 702 (6ᵗʰ Cir. 2008) (quoting Anderson 477 U.S. 248).** Further stated in that case, the Court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. **(Cox v. Kentucky Dept. of Transportation/. 53 F/3d 146. 150 (6ᵗʰ Cir. 1995) citation omitted, stated the 11ᵗʰ amendment does not preclude suits seeking prospective injunctive or declaratory relief against state officials (2), Thiokal corp. v. Department of Treasury, 987 F. 2d 376 (6ᵗʰ Cir 1993). Defendants cite Anderson, 477 U.S. at 252; see Dominquez v. Corr. Med. Servs. 555, F.3d 543, 549 (6ᵗʰ Circ. 2009), indicating "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Plaintiff disputes and asserts that plaintiff has more than a scintilla of evidence to prevail at trial, which is included in this action. Defendants cite Ex Parte Young exception, and plaintiff cites Verizon Md. Inc vs. Public Serv. Comm'n of Md. 535 U.S. 635 (2002), the Court held that "{i}n determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a Court need only conduct a "straightforward inquiry into whether {the} complaint alleges an ongoing violation of Federal Law and seek relief**

5

**property characterized as prospective." Plaintiff can show plaintiff was directly discriminated against by the defendants, and actions taken against plaintiff by defendants constitute ongoing violations of Federal law, in that plaintiff was forcibly reassigned through direct discrimination and retaliation and is continuing to be forced to be in a job at defendants' will.**

## RESPONSE TO DEFENDANTS' ARGUMENT

I. **Disputed**, in that Plaintiff is seeking prospective injunctive relief in that plaintiff continues to be forced to be an assessor, when defendants forced Plaintiff from Enhanced probation field officer job on 6/11/21. Plaintiff is asking the Court to prohibit defendant's from continuing this forced reassignment and return plaintiff to Enhanced probation field officer, as well as an apology letter for defendant's direct discriminatory and retaliatory actions against plaintiff, **Plaintiff cites EEOC vs Alpine School District in age discrimination lawsuit settled in 2009, defendants granted apology letter to plaintiff victims**. Plaintiff cites disparate treatment, discriminatory and retaliatory in nature, which is ongoing as plaintiff is continuing to be forced into this position, and in that other younger employees, where complaints were filed against them, were not reassigned, kept their current positions, and were allowed choices, and plaintiff was not given choices or alternatives, and was forcibly reassigned. Plaintiff does express in response to defendants request for admission to reinstatement in part and also an apology letter from defendants for age discrimination and retaliation. Plaintiff states prospective relief should be granted due to the defendants decision to forcibly reassign plaintiff was discriminatory and retaliatory in nature. **Plaintiff cites Supreme Court Justice Alito's opinion in the case Babb vs. Wilkie. Decision 4/6/20, number U.S. 18-882, Page 6 (2): "personnel actions shall be made free of any discrimination**

6

based on age", subsection 633 a(a). Page 14, continuing Justice Alito's opinion, "Plaintiffs are not without a remedy if they show that age was a but for cause of differential treatment in an employment decision but not for a but for cause of the decision itself." "In that situation, plaintiffs can seek injunctive relief or other forward looking relief," which plaintiff interprets that as prospective relief.

Defendants cites Idaho v. Goeur D' Alene Tribe of Idaho, 521 U.S. 261, 296, 117 S. C. 2028, 138 L.ED. 2D 438 (1997). Plaintiff cites it was indicated that the "proper scope and application was not applied, and the tribe did not attempt to pursue the theory, they relied on in Florida Dept. of State vs. Treasure Salvors, Inc. 458, U.S. 670-where state officials were acting beyond their state conferred authority, I.d. at 696-697-a theory the tribe did not pursue. The tribe in this case also was requesting far reaching and invasive relief." Plaintiff disputes, as not seeking such far reaching or invasive relief.

Defendants cite S & M Brands, Inc. v. Cooper, 527 F. 3. d 500, 507 (6th circ. 2008). Plaintiff disputes, as for plaintiff, money is not the issue, but plaintiff alleges ongoing harm as but for the actions of the defendants against plaintiff, plaintff would not have been harmed and since actions by defendants, according to depositions attached, were directly discriminatory and retaliatory, plaintiff continued to suffer harm from defendants' actions. The eleventh Amendment does not protect state officials from committing direct discriminatory and retaliatory actions.

7

Plaintiff cites Scheuer v. Rhodes, U.S. Supreme Court, 1974 Justice Warren Burger stated in his opinion, under IV, "the complaining parties are entitled to be heard more fully than is possible on a motion to dismiss a complaint."

Defendants cite Will v. Michigan Dept. of State police, 491 U.S. at 71-Plaintiff states and disputes as this was a monetary damages suit, plaintiff is not suing the state or its actors forcibly for monetary damages.

Defendants cite Pennhurst state school and hospital v. halderman 465 U.S. 89, 100, 1984 id at 102-plaintiff states and disputes this case that cites the Supreme court decision holding "that the eleventh amendment prohibited a District Court from ordering state officials to conform their conduct to state law." Plantiff claims defendants have violated Federal discrimination laws in their actions against plaintiff, in violation of the Age Discrimination in Employment Act of 1967 and in violation of 42 U.S.C. subsection 1983.

Defendants cit Berndt v. state, 796 F. 2d, 879, 881, planitiff disputes this case, as it does not appear to apply to plaintiffs' case.

Defendants cite Abe v. Michigan Dept. of Consumer and Indust. Servs, and that "and Congress did not override a state's eleventh amendment immunity by enacting 42 U.S.C. subsection 1983." Plaintiff disputes in that this case does not relate to direct discrimination and retaliations cases committed by the state.

8

Defendants cite Verizon md., Inc. v. Public Service, Com'n of Md.  535 U.S. 635, 645 (2002) (citation omitted).  Plaintiff disputes in that there is an ongoing violation of federal law when state officials" actions constitute direct discriminatory action against a state employee by forcing said employee into an employment position based upon said direct discrimination and retaliations actions.  Plaintiff is continuing to be forced into this position in which defendants' forced plaintiff in from 6/11/21 and presently, based upon said direct discrimination and retaliation.

Plaintiff states if this Honorable Court allows plaintiff to proceed to trial, plaintiff truly believes when a Jury hears evidence and testimony outlining the defendants' discriminatory and retaliatory actions against plaintiff,  that plaintiff will prevail. Plaintiff states this action IS a PENDING action/complaint for prospective injunctive relief against defendants.


II **DISPUTED,** in that plaintiff asserts age discrimination and being singled out, and retaliated against defendants for being forcibly reassigned, whereas other employees were not. As described in 42. U.S.C. subsection 1983, plaintiff asserts deprivation of rights by the defendants as actors under the color of state law. Plaintiff asserts defendants collaborated with each other to directly discriminate and retaliate against plaintiff by the adverse and disparate action of forcibly reassigning  plaintiff and not doing so with other younger employees in the similar situation as plaintiff. Plaintiff would assert defendants are not immune from litigation or responsibility when acting in a direct discriminatory and retaliatory manner under the Eleventh Amendment.

Depositions attached support plaintiff's claim of being singled out in that chain of

9

command was not followed by defendants with regard to plaintiff, while other younger other employees, Harry Glenn, aged 56 and Paige Saylor, aged 47, were given preferential treatment, chain of command was followed in their cases, when complaints were filed against them, and neither of these individuals were reassigned. Plaintiff was 62 years old at the time of this incident.

**Evidence supporting this assertion is attached:**

**EXHIBIT # 1: Deposition from Brandon Glossup**, **10/12/22 Page 1, Line 25, Page 2 Lines 1-25, Page 3 Lines 1-22**. then manager of Harry Glenn, aged 56, indicating complaints filed on him and he being allowed to keep his position as field officer, and that chain of command was followed and Mr. Glossup was informed of all decisions regarding how complaints were handled on Mr. Glenn.

**EXHIBIT # 2: Deposition from Erin Monroe**, **10/12/22 Page 1 Lines 7-25, Page 2 Lines 1-25, Page 3 Lines 1-10**, then manager of plaintiff, indicating defendants did not inform her of their decision to forcibly reassign plaintiff until the day it was done, 6/11/2021, thereby not complying with chain of command.

**EXHIBIT # 3: Deposition from Shakeenah Watson**, **10/1/22 Page 1 Lines 7-25, Page 2 Lines 1-25, Page 3 Lines 1-25, Page 4 Lines 1-25, Page 5 Lines 1-25, Page 6 Lines 1-25, Page 7 Lines 1-25. EXHIBIT 1- (3) PAGES, WATSON-STATEMENT BY PREVIOUS EMPLOYEE PAM SILANO TO INVESTIGATOR WATSON ON 1/10/20.** Ms. Watson was the investigator on initial complaint plaintiff made against defendant Saylor in 2019 with regard to

10

plaintiff's statement that plaintiff felt Saylor was trying to force plaintiff to retire then, in 2019, as a previous employee, Pam Silano had done after that employee had filed a complaint on saylor, and  Watson was one of the investigators on complaint filed by Plaintiff with HR in 2021 regarding this current situation.

**EXHIBIT # 4: Deposition from Paige Saylor, 10/12/22 Page 1 Lines 24-25, Page 2 Lines 1-25, Page 3 Lines 1-25, Page 4 Lines 1-25, Page 5  Lines 1-25, Page 6 Lines 1-25, Page 7 Lines 1-6, Page 8 Lines 20-25, Page 9 Lines 1-25, Page 10 Lines 1-12,** indicating she had complaints filed on her and she was allowed to keep a supervisory position, was not reassigned.  Also, **EXHIBIT 1-(1) PAGE**, indicating Saylor's name was on plaintiff's state edison website on 2/16/22, where plaintiff submits time, leave, etc while this litigation was pending, when a manager's name should have been there. Plaintiff submits this action was to continue to intimidate, harass and retaliate against plaintiff, as if plaintiff had asked for leave, plaintiff would have had to ask Saylor. When questioned about this, Saylor indicated she did not know about that.

**EXHIBIT # 5: Deposition from David Lane, 10/12/22 Page 1 Lines 7-25, Page 2  Lines 1-25, Page 3 Lines 1-25, Page 4  Lines 1-25, Page 5 Lines 1-25, Page 6 Lines 1-22,** Then manager of Paige Saylor, indicating he "coached and counseled" Saylor after complaints made against Saylor, and she was not reassigned and allowed to continue in her district director position at that time.

**EXHIBIT # 6: Deposition of Lisa helton, 10/18/22 Page 6 Lines 15-25, Page 7 Lines 1-25, Page 8 Lines 1-25, Page 9 Lines 1-1-25, Page 10 Lines 1-25, Page 11 Lines 1-13,**

11

indicating that she did not know the names of offenders who complained that plaintiff made certain statements, that plaintiff reiterated plaintiff did not make. Yet, according to Helton, this alleged incident was the alleged precursor to Helton/defendants forcibly reassigning plaintiff, whereby, Plaintiff believes continuing discriminatory and retaliatory actions against plaintff.

As plaintiff indicated earlier, other younger employees with complaints filed against them were not reassigned. Helton did not make an effort to check supervision history of these alleged offenders, to see if plaintiff ever supervised them.

**EXHIBIT # 7: Deposition of Carrie Brock, 10/11/22 Page 1 Lines 21-23, Page 2 lines 1-25, Page 3 Lines 1-25, Page 4 Lines 1-25, Page 5 Lines 1-25, Page 6 Lines 1-25, Page 7 Lines 1-25, Page 8 Lines 1-25, Page 9 lines 1-25, Page 10 Lines 1-6, EXHIBITS 1 AND 2 (2) PAGE-EMAILS** indicating she was under a time frame and that's why she didn't have time to read plaintiff's complaint before consulting defendant Saylor and then making a determination based solely on what Saylor told her (emails indicated).

**EXHIBIT # 8: FORM FROM EEOC FOR "RIGHT TO SUE", DATED 9/15/21.**

## SUMMARY

Plaintiff has shown the following with regard to this action filed by plaintiff against defendants:

I: Allegations/complaints were made against TDOC employees, Paige Saylor, 47 co-defendant, Harry Glenn, 56 Probation Field officer and Connie Lisa Mooneyham, 62 Enhanced probation field officer.

12

**II**: Chain of command was followed in the case of Paige Saylor, in that her manager, David Lane, also a co-defendant in this matter, was aware at all times of complaints/allegations and outcome filed on Saylor.

Chain of command was followed in the case of Harry Glenn, in that his manager, Brandon Glossup, was aware at all times of complaints/allegations and outcome filed on Glenn.
Chain of command was **not** followed in the case of plaintiff, Connie Lisa Mooneyham, in that her manager, Erin Monroe, was not aware of complaints/allegations or following outcome of the forced, abrupt reassignment of duties of plaintiff until the day it was done, 6/11/21.


**III**: TDOC employee, Paige Saylor, was not forcibly reassigned due to complaints/allegations made against her and her manager, David Lane, has indicated he "coached and counseled" Saylor with regard to any complaints made. Saylor continues to be in a supervisory position currently, as of this writing.

TDOC employee, Harry Glenn, was not forcibly reassigned due to complaints/allegations made against him and his manager, Brandon Glossup, indicated Glenn was allowed to keep his probation caseload and continues to have a probation caseload currently, as of this writing.

TDOC employee and plaintiff, Connie Lisa Mooneyham, was forcibly reassigned due to complaints/allegations made. Plaintiff was forcibly and abruptly reassigned from Enhanced field probation officer to desk assessor. Plaintiff continues in this forced position currently as of this writing.

13

TDOC former employee, Pam Silano, expressed to investigator Watson that she retired due to harassment of defendant Saylor as Silano had filed a complaint on Saylor. Plaintiff shows past history of discriminatory and retaliatory actions against an older employee and plaintiff expressed this concern that Saylor was doing the same thing to Plaintiff, to that same investigator in 2019 as Saylor was harassing plaintiff at that time, and plaintiff filed a complaint against Saylor at that time.

<u>IV.</u>   Plaintiff asserts defendants did not verbally tell Plaintiff she had to retire, but by their physical, direct discriminatory, and retaliatory decisions, their actions, toward plaintiff spoke louder than words.

Plaintiff asserts all the information presented above shows genuine issues of material fact in this matter, and plaintiff asserts the attached information would affect the outcome of this suit under governing law and would preclude summary judgment. Plaintiff asserts that plaintiff has shown significant probative evidence in this matter.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff requests this Honorable Court dismiss defendants motion for summary judgment, and to maintain the previous Order of this Court on 2/2/22 **Document (43)** allowing Plaintiff to seek prospective injunctive relief, and the Order of this Court on **2/25/22 Document (50) Scheduling Order** allowing plaintiff to proceed to trial.

Respectfully submitted,

Connie Lisa Mooneyham/Pro Se Plaintiff

7312 Twin Creek Road, Knoxville, Tn.  37920

14

## **CERTIFICATE OF SERVICE**

I, Connie Lisa Mooneyham, Plaintiff in this cause, certify I have emailed and/or mailed copies of this Plaintiff's Motion opposing summary judgment, memorandum, exhibits/depositions to Defendant's attorneys General John Dalton, Senior Assistant Attorney General and General E. Ashley Carter, Senior Assistant Attorney General, Education and Employment Division, Post Office Box 20207, Nashville, Tn. 37202 or physical address of 425 Fifth Avenue North, 2nd Floor, Cordell Hull Building, Nashville, Tn. 37243.   Email for General Dalton, John.Dalton@ag.tn.gov and General Carter, ashley.carter@ag.tn.gov  on this the __/2 day of January, 2023.

Connie Lisa Mooneyham, Pro Se Plaintiff

15