UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CONNIE L. MOONEYHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CV-270-CEA-JEM |
| | ) |
| TONY PARKER, Commissioner of | ) |
| Tennessee Department of Correction, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion to Quash the Subpoena [Doc. 104], filed by Andrea Smith ("Movant").[1] Plaintiff filed a response to the motion [Doc. 106]. The Movant did not file a reply. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons explained below, the Court **GRANTS** the motion [**Doc. 104**].

I.     **BACKGROUND**

Movant is the Director of the Equal Employment Opportunity Division ("EEO") for the Department of Human Resources ("DOHR") [Doc. 109 ¶ 2]. As the director, she oversees the EEO Division, which is responsible for investigating certain types of allegations, if they "involve an executive level employee at an affected department, in complaints involving a non-executive level employee at an affected department's request, or pursuant to a memorandum of understanding (MOU) between DOHR and an affected department" [*Id*. ¶ 3]. Because Plaintiff's allegations

---

[1]     The motion is erroneously titled "Memorandum of Law in Support of Motion to Quash the Subpoena Issued to Andrea Smith" [Doc. 104].

involved executive leadership at the Tennessee Department of Corrections ("TDOC"), the DOHR investigated [*Id*. ¶ 4]. The investigation concluded on December 22, 2021 [*Id*. ¶ 5].

On December 1, 2023, Plaintiff served Movant with a subpoena instructing her to appear in this Court on January 30, 2024, for trial [Doc. 105 p. 2 (citing Doc. 104-1)]. Movant seeks to quash the subpoena on two grounds [*Id*. at 3]. First, Movant claims that she "has no first-hand knowledge of the events and circumstances at the TDOC as alleged by the Plaintiff and could not testify to any statements made in her investigation since they would be outside the scope of her personal knowledge" [*Id*.]. Second, Movant objects to the subpoena as unduly burdensome, explaining that

> compliance with the Plaintiff's subpoena would be unduly burdensome because it would (1) require her to travel 204 miles for three hours one way from her residence; (2) likely require her to stay two nights in Knoxville due to the distance and crossing the eastern time zone; (3) make arrangements for school drop off and pick up of her two young children, in addition to after school care; and (4) she would have stop her professional duties, for the likely two days of travel and proceedings, causing unnecessary delay in her responsibilities.

[*Id*.].

Plaintiff responds that the Attorney General's Office has been aware of her intent to call Movant as a witness at trial since November 1, 2022 [Doc. 106 p. 1 (citing Doc. 58 p. 2)]. In addition, Plaintiff states that she has tendered the appropriate witness fees and that she has emails between her and Movant showing that her testimony is relevant. In an effort to avoid undue burden, Plaintiff states that she will allow Movant to testify early on January 30, 2024, or Plaintiff will provide additional witness fees [*Id*. at 2].

## II. ANALYSIS

Rule 45 governs subpoenas to non-parties. *Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefaction, Inc.*, No. 1:17-CV-277, 2018 WL 9801022, at *1 (W.D. Mich. Sept. 7, 2018). Among many requirements, Rule 45 states:

> **(c) Place of Compliance.**
>
> **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
>
> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
> **(i)** is a party or a party's officer; or
> **(ii)** is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1)(A)–(B).

A court may also quash a subpoena that subjects a person to an undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). In determining whether a subpoena subjects a person to an undue burden, the Court must consider the "reasonableness of the subpoena." *Englar v. 41B Dist. Ct.*, No. 04-CV-73977, 2009 WL 3497801, at *6 (E.D. Mich. Oct. 29, 2009) (citation omitted). The Court must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it; this process of weighing a subpoena's benefits and burdens calls upon the trial court to consider whether the information is necessary and whether it is available from any other source." *Id*. (citation omitted). The question of reasonableness "is a highly case specific inquiry and entails an exercise of judicial discretion." *Id*. (citation omitted). The party

seeking to quash the burden bears the burden. *Almanza v. Sessions*, No. 3:15-CV-389-TAV-HBG, 2018 WL 5263033, at *5 (E.D. Tenn. June 15, 2018) (citation omitted).

The subpoena requires Movant to travel approximately 204 miles from her residence [Doc. 104-2 ¶ 7], which is more than the geographical limit of the rule. But Movant resides in Tennessee, she is not a party or an officer of a party, and it does not appear that Movant would incur "substantial expense" to attend the trial. *See* Fed. R. Civ. P. 45(c)(1)(B). The Court therefore considers whether the subpoena poses an undue burden under Rule 45(d)(3)(A)(iv).

The Court finds that the burden of complying with the subpoena here outweighs any benefit of compliance. Although Plaintiff has offered accommodations to alleviate the burden [*see* Doc. 106 p. 2], Movant states that she has "no first-hand knowledge of the incidents or circumstances which allegedly took place at the TDOC as alleged in Plaintiff's Complaint" [Doc. 109 ¶ 6]. She further states that "[a]ny statements or information documented in [her] investigation were obtained from witnesses" during the course of her investigation [*Id.*]. Plaintiff does not rebut Movant's statement [*See* Doc. 106]. Instead, she asserts that she has emails between Plaintiff and Movant, which Plaintiff believes are relevant [*Id.* at 1]. But Plaintiff does not provide the emails, nor does she explain why they are relevant to the case.

Given that Movant does not seem to have any first-hand knowledge of the facts in this case combined with Plaintiff's failure to show otherwise, the Court finds that the subpoena constitutes an undue burden. *See Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2023 WL 3113703, at *2 (S.D. Ohio Apr. 27, 2023) (granting the defendant's motion to quash the trial witnesses' subpoenas because the witnesses did not have any personal knowledge of the facts at issue); *Gilliam v. Bertie Cnty. Bd. of Educ.*, No. 2:20-CV-00016-D, 2022 WL 6251966, at *3 (E.D. N.C. Oct. 7, 2022) (quashing a trial subpoena because the witness's "testimony would provide a 'marginal benefit' in

resolving the 'important issues' at stake in [the plaintiff's] Title VII claim"). Under Rule 45(d)(3)(A)(iv), the Court will quash the subpoena. *See Almanza*, 2018 WL 5263033, at *5 (explaining that the decision to quash or modify a subpoena is left to the discretion of the district court (citation omitted)).

### III. CONCLUSION

The Court **GRANTS** the Motion to Quash the Subpoena [**Doc. 104**], and hereby **QUASHES** the trial subpoena [**Doc. 104-1**].

**IT IS SO ORDERED.**

ENTER:

/s/ Jill E. McCook
Jill E. McCook
United States Magistrate Judge